```
          UNITED STATES DISTRICT COURT
             DISTRICT OF MINNESOTA
            03-CR-08(02)(JMR/FLN)
               06-CV-5020(JMR)
```

United States of America    )
                            )             ORDER
     v.                     )
                            )
Timothy James Schultz       )

Petitioner, Timothy James Schultz, seeks habeas corpus relief, pursuant to 28 U.S.C. § 2255.  His petition is denied.

I. Background

Petitioner and co-defendant, Peter George Noe, headed a major methamphetamine distribution conspiracy, victimizing and terrorizing Austin, Minnesota.  Petitioner helped maintain the conspiracy by using sadistic violence.  For example, on one occasion, in order to collect a $10,000 debt, he used a pair of pliers to break off two of the debtor's teeth and extract another, after which he reduced the debt by 50%.

After an extensive investigation, a federal grand jury returned a two-count indictment, charging petitioner with conspiracy to distribute methamphetamine, and possession with intent to distribute approximately one pound of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and §§ 841(a)(1) and 841(b)(1)(B).

Trial commenced on June 2, 2003. On June 9, 2003, a jury convicted petitioner on both counts. He was sentenced on October 30, 2003, to 480 months imprisonment, and 5 years supervised release. On July 21, 2005, the Eighth Circuit Court of Appeals affirmed petitioner's conviction and sentence on direct appeal. <u>United States v. Noe</u>, 411 F.3d 878 (8th Cir. 2005).

Petitioner now seeks habeas corpus relief, contending the Court lacked jurisdiction over him and this case. According to petitioner, Public Law 80-772 and 18 U.S.C. § 3231, which confer criminal jurisdiction upon federal district courts, were never enacted into positive law, are unconstitutional on their face, and are void ab initio. Petitioner next claims Public Law 80-773, which formed the basis for the codification of the habeas corpus statutes, and therefore 28 U.S.C. §§ 2255 and 2241, are unconstitutional and void. He further claims the drug statutes, under which he was convicted, are invalid because they were either repealed or enacted without a valid enactment clause.

Petitioner continues his fusillade attack, contending the government failed to establish that the crimes with which he was charged were committed in the District of Minnesota. He finally claims his defense counsel was ineffective in failing to investigate the Court's jurisdiction and the legal basis for his indictment and convictions. The petition fails on all counts.

II. <u>Discussion</u>

Petitioner seeks relief under 28 U.S.C. § 2255, "the statutory

2

analogue of habeas corpus for persons in federal custody." <u>Poor Thunder v. United States</u>, 810 F.2d 817, 821 (8th Cir. 1987). This statute offers a remedy to "a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." <u>United States v. Apfel</u>, 97 F.3d 1074, 1076 (8th Cir. 1996). A § 2255 petition is not a substitute for direct appeal. Thus, claims which could have been raised on direct appeal are procedurally barred. <u>Dejan v. United States</u>, 208 F.3d 682, 685 (8th Cir. 2000). If a petitioner is to avoid this procedural default, he must "show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted." <u>Matthews v. United States</u>, 114 F.3d 113, 113 (8th Cir. 1997).

Here, all of petitioner's claims, except, perhaps, the claim of ineffective assistance of counsel, could have been raised on direct appeal. None were. His claims are not based on either newly discovered facts or a recent change in the law. The Court finds petitioner has failed to demonstrate any cause for his procedural default. Beyond this, petitioner has failed to show any actual prejudice, because each of his substantive claims are without merit. Accordingly, petitioner's claims are procedurally barred. The ineffective assistance claim fails because his asserted representational defects are chimerical. Notwithstanding the procedural defects in petitioner's claims, the Court considers each below.

A.  <u>Jurisdictional Claims</u>

Petitioner's first and fourth contentions claim the Court is without jurisdiction, because 18 U.S.C. § 3231 was never enacted into positive law, and is therefore unconstitutional and void. This is one of the jailhouse lawyers' arguments <u>du</u> <u>jour</u>. It has never been accepted, and will not be accepted here. <u>See</u> <u>e.g.</u>, <u>United States v. Hoskins</u>, 2006 WL 1044269, at *5 (E.D. Ky. Apr. 19, 2006) (unreported). In short, the annotated version of the statute reflects an effective date of June 25, 1948; President Truman signed the bill into law that same day. "[I]t is clear that 18 U.S.C. § 3231 gives the federal courts original and exclusive jurisdiction over federal crimes." <u>United States v. Casey</u>, 2005 WL 2114059, at *2 (W.D. Tenn. Aug. 30, 2005) (unreported). Petitioner's argument concerning 18 U.S.C. § 3231 wholly fails to show his conviction is "void ab initio." This claim affords him no relief.

Similarly, petitioner's denial that 28 U.S.C. § 2255 was enacted into positive law, is unconstitutional on its face, and void ab initio, is insubstantial. Petitioner is not imprisoned for a violation of § 2255. As a result, the validity or invalidity of that statute affords no basis upon which to challenge his conviction or sentence. Moreover, the United States Supreme Court has clearly upheld the validity of the habeas corpus statutes. <u>Felker v. Turpin</u>, 518 U.S. 651, 664 (1996).

Petitioner next denies the validity of 21 U.S.C. §§ 841 and

846, the drug statutes under which he was convicted.  He contends the penalty statute was repealed or enacted without a valid enactment clause.  While the Eighth Circuit has not reached this issue, the Sixth and Tenth Circuits have rejected similar claims.  The Sixth Circuit found "Congress's failure to approve the specific placement of Title 21 does not affect the validity of the underlying legislation."  <u>Goldsby v. United States</u>, 152 Fed. Appx. 431, 441 (6th Cir. 2005) (unpublished).  The Tenth Circuit found the mere "fact that Title 21 has not yet been revised, codified, and enacted into positive law in accordance with the legislative agenda noted in the preface to the United States Code does not render the substantive law it records a nullity."  <u>Wilson v. United States</u>, 1991 WL 216477 at *1 (10th Cir. Oct. 23, 1991) (unpublished) (quotations omitted).  The Court is confident the Eighth Circuit will follow its sisters.

Petitioner's fifth claim alleges "[t]he Court failed to establish that the crimes were committed in the District of Montana [sic] when the Court failed to instruct the jury they must find the <u>locus delicti</u> of the crimes charged."  The Supreme Court has held that the "locus delicti of the charged offense must be determined from the nature of the crime alleged and the location of the act or acts constituting it."  <u>United States v. Rodriguez-Moreno</u>, 526 U.S. 275, 279 (1999) (quotations omitted).  These events took place in Austin, Minnesota.  The vicious assault on the debtor took place in Minnesota.  The venue of this crime was proven far beyond

a reasonable doubt. This challenge is meritless.[1]

Schultz's sixth claim is a general attack on this Court's jurisdiction. The Eighth Circuit has repeatedly rejected similar claims. See, e.g. United States v. Mooring, 287 F.3d 725, 727 (8th Cir. 2002) ("[A] federal district court plainly possesses subject-matter jurisdiction over drug cases."); United States v. Deering, 179 F.3d 592, 597 (8th Cir. 1999). The Court needs say no more.

B. Ineffective Representation

Finally, petitioner claims his counsel was ineffective in failing to raise the six issues addressed above. Ineffective assistance of counsel claims are analyzed under the Strickland v. Washington, 466 U.S. 668 (1984), two-part test. In order to prevail, petitioner must show: first, "that counsel's representation fell below an objective standard of reasonableness," id. at 688; and second, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

After analysis, it is clear petitioner has failed to show any instance of ineffective representation. He argues his attorney should have advanced a number of claims, but as seen above, each is trivial, non-existent, or spurious. Because petitioner's suggested issues are without merit, defense counsel's failure to raise them

---

[1] The petition's reference to "Montana" strongly suggests this "claim" was simply part of a cut-and-paste effort to replicate a habeas claim made in another matter. It is almost ludicrous to suggest an absence of a Minnesota nexus in this case.

was not unreasonable. See Clemons v. Armontrout, 921 F.2d 187, 191 (8th Cir. 1990).

Even if counsel had raised each issue petitioner now suggests, those arguments would have been futile and summarily denied. Petitioner is, therefore, unable to show any prejudice. Because claims of ineffective assistance cannot be based on a failure to raise losing arguments, petitioner's claims clearly fail. Id.

III. Certificate of Appealability

The Court has also considered whether it is appropriate to issue a Certificate of Appealability ("COA"). See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). The Court concludes that no issue raised is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 883 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991)). Petitioner has failed, therefore, to make the requisite "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

IV. Conclusion

Accordingly, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to § 2255 [Docket No. 266] is denied.

2. No Certificate of Appealability will be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  September 21st, 2007

                                                            s/ James M. Rosenbaum
                                                            JAMES M. ROSENBAUM
                                                            United States Chief District Judge